**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **ARTHUR AGETON** ) | Case Number |
| ) | |
| **Plaintiff** ) | |
| ) | |
| ) | **CIVIL COMPLAINT** |
| vs. ) | |
| ) | |
| **NCO FINANCIAL SYSTEMS, INC.** ) | |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Arthur Ageton, by and through his undersigned counsel, Brent F. Vullings, Esquire and Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully aver as follows:

## I. INTRODUCTORY STATEMENT

1. Plaintiff, Arthur Ageton, is an adult natural person and bring this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA")

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in the Commonwealth of Pennsylvania and its principal place of business is in this district.

### III.  PARTIES

4. Plaintiff, Arthur Ageton, is an adult natural person residing at 5610 Timpa Rd. Chipita Park, CO 80809.

5. Defendant, NCO Financial Systems, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 507 Prudential Rd., Horsham, PA 19044-2308.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. Beginning mid July, 2009 Plaintiff started receiving phone calls from Defendant's agents in regards to an alleged consumer debt owed to NCO Financial Systems, Inc. for someone by the name of "Daniel".

8. Defendant is calling Plaintiff's home four to five times a day.

9. Plaintiff believes the Defendant is calling for his step-daughter, "Danielle".

10. Defendant calls the Plaintiff's home with a recorded message, when Plaintiff says, "Who are you looking for?" Defendant then hangs up the phone.

11. Plaintiff's step-daughter has not resided at this address for approximately ten years or more.

12. Defendant has tried to contact Plaintiff a few times on the number that he is being contacted with. Defendant either gets a busy signal or hung up on if an agent answers the phone.

13. The Defendant acted in a deceptive and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Defendant in connection with the collection of a debt, that is not his.

14. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to ensure compliance with the law.

15. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

16. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT 1 – FDCPA

17. The above paragraphs are hereby incorporated herein by reference.

18. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692b, b(3), d, d(5), d(6), e, f.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendants, NCO Financial Systems, Inc. for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                        **Respectfully submitted,**

                                        **WARREN & VULLINGS, LLP**

**Date:  August 6, 2009**　　　　　**BY:   */s/  Brent F. Vullings*** 
                                            Brent F. Vullings, Esquire

                                        **:   */s/  Bruce K. Warren*** 
                                            Bruce K. Warren, Esquire

                                            Warren & Vullings, LLP 
                                            1603 Rhawn Street 
                                            Philadelphia, PA  19111 
                                            215-745-9800   Fax 215-745-7880 
                                            Attorney for Plaintiff